UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN ROBERSON,

        Plaintiff,

   v.

J. M. BRIDDLE, et al.,

        Defendants.

                               NO. CIV. S-03-645 LKK/JFM P

                               O R D E R

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On December 20, 2004, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has timely filed objections.

////

1

1    The district court reviews <u>de novo</u> those portions of the
2 proposed findings of fact to which objections has been made, 28
3 U.S.C. § 636(b)(1)(c); <u>McDonnell Douglas Corp. v. Commodore</u>
4 <u>Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert.</u>
5 <u>denied</u>, 455 U.S. 920 (1982), and the magistrate judge's conclusions
6 of law.  <u>Barilla v. Ervin</u>, 886 F.2d 1514, 1518 (9th Cir. 1989)
7 (citing <u>Britt v. Simi Valley Unified School Dist.</u>, 708 F.2d 452,
8 454 (9th Cir. 1983)).  The court may, however, assume the
9 correctness of that portion of the proposed findings of fact to
10 which no objection has been made and decide the motion on
11 applicable law. <u>See</u> <u>United States v. Remsing</u>, 874 F.2d 614, 617
12 (9th Cir. 1989)(citing <u>Orand v. United States</u>, 602 F.2d 207, 208
13 (9th Cir. 1979)).
14    The court is not bound to adopt the magistrate judge's
15 findings and recommendation; on the contrary, the court must
16 exercise "sound judicial discretion" in making its own
17 determination on the record. <u>United States v. Raddatz</u>, 447 U.S. at
18 675-76.  The court may accept, reject, or modify, in whole or in
19 part, the magistrate judge's findings and recommendations. 28
20 U.S.C. § 636(b)(1)(c); <u>United States v. Remsing</u>, 874 F.2d at 617.
21    Having carefully reviewed the entire file, and as explained
22 below, the court adopts the findings and recommendations with the
23 following modification.
24    Plaintiff brought this action against numerous defendants
25 alleging that they each violated his constitutional rights as
26 protected by the Eighth Amendment by requiring him to use a toxic

2

substance to strip wax from his cell walls and by denying him necessary medical care for the burns, nausea, and dizziness he experienced as a result. The defendants brought a motion for summary judgment. As to the first claim, the defendants contend that neither defendants Huff or Hollingsworth acted with deliberate indifference to plaintiff's safety. In the alternative, they maintain that they are entitled to qualified immunity from liability.

The magistrate judge first evaluated plaintiff's claim regarding the safety of requiring him to clean his cell with wax-stripping chemicals. He concluded that summary judgment for the defendants was warranted as to this claim because there are no facts in the record giving rise to an inference that either defendants Huff or Hollingsworth were deliberately indifferent to plaintiff's "safety by the manner in which the cell cleaning was initiated." Findings and Recommendations ("F&Rs") at 8.

The magistrate judge then explained that plaintiff raised a second related, but distinct, claim, mainly that the defendants acted with deliberate indifference to his health and safety by requiring him to continue working with toxic chemicals even after he let defendants know that he had suffered chemical burns on his arms and was dizzy from their odor. The defendants asserted the defense of qualified immunity, however, and the magistrate judge agreed that such immunity was warranted. As I explain below, I cannot agree with this conclusion.

////

1    In examining defendants' qualified immunity defense, the
2 magistrate judge first determined that the plaintiff met the
3 initial prong of the qualified immunity test, as established by the
4 Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001).  As the
5 magistrate judge explained, if proved, the facts and allegations
6 viewed in plaintiff's favor "might establish an Eighth Amendment
7 violation." F&Rs at 9.  The magistrate judge determined, however,
8 that the plaintiff could not satisfy the second prong of the
9 Saucier test.
10    The question under the second prong of Saucier is whether the
11 constitutional right at issue was clearly established at the time
12 such that a reasonable officer in the defendants' positions would
13 have known that the action complained of was unlawful. Id. at
14 201-02.  The magistrate judge explained that, although an inmate's
15 right to be free from deliberate indifference to a known risk of
16 harm to health and safety was clearly established, "a reasonable
17 correctional officer could have believed that requiring plaintiff
18 to wait 20 or 30 minutes to shower following notification of the
19 [chemical] burn was reasonable under the circumstances." F&Rs at
20 10.  Plaintiff's complaint under this claim, however, does not
21 concern the amount of time that he was required to wait before
22 washing his burn.  Rather, as the magistrate judge explained,
23 plaintiff's complaint is that defendants Huff and Hollingsworth
24 were deliberately indifferent to his health and safety by requiring
25 him to continue to work with toxic chemicals for that amount of
26 time after they were notified that he suffered a chemical burn.

1  The gravamen of his claim therefore concerns the defendants'
2  decision to expose him to the risk of suffering additional burns
3  for a duration of 20 or 30 minutes.  The plaintiff's evidence shows
4  that the defendants recognized the marks on his arm as burns
5  resulting from the chemicals they provided him to clean his cell.
6  Nevertheless, the defendants ordered him to continue using the
7  chemicals and to finish cleaning his cell within 20 or 30 minutes.
8  I agree with plaintiff that reasonable correctional officers could
9  not have believed that requiring plaintiff to continue to work with
10 chemicals that had already caused him harm was lawful.  Therefore,
11 defendants Huff and Hollingsworth cannot be granted qualified
12 immunity from this claim.
13      Accordingly, this matter is remanded to the magistrate judge
14 for further proceedings consistent with this order.
15      IT IS SO ORDERED.
16      DATED:  May 18, 2005.

                              /s/Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT